■ LENA VEIGA et al., Respondents, v. FLORENCE FRIEDLANDER et al., Appellants.* — In a negligence action to recover damages for injury to person and property and for loss of services, etc., defendants appeal from a judgment of the Supreme Court, Nassau County, entered September 22, 1965, in favor of plaintiffs upon a jury verdict. Judgment reversed. on the law, and new trial granted, with costs to abide the event. No questions of fact were considered. In our opinion, there were insufficient facts upon which the jurors

* Reprinted from 25 A D 2d 678.

could determine the vital question of "right of way." The record is not clear as to which of the drivers entered the intersection first or as to whether they entered the intersection at approximately the same time so as to make applicable either subdivision (a) or subdivision (b) of section 1140 of the Vehicle and Traffic Law. Under these circumstances, it was not established that plaintiff Mrs. Veiga had the right of way and had the right to assume that defendant Mrs. Friedlander would concede the right of first crossing at the intersection (*Healy* v. *Rennert*, 9 N Y 2d 202). On the issue of contributory negligence, a question of fact was properly presented for the jury. Ughetta, Acting P. J., Hill and Rabin, JJ., concur; Christ and Benjamin, JJ., dissent and vote to affirm the judgment, with the following memorandum by Christ, J., in which Benjamin, J., concurs: The jury heard the witnesses and returned a unanimous verdict for plaintiffs; and the learned Trial Justice, who also heard all the evidence, took a strong position in support of the verdict when he ruled on a motion to set it aside as being against the weight of the evidence. It appears that the plaintiff driver, Mrs. Veiga, was proceeding westbound on Stewart Avenue, a main thoroughfare in the Village of Garden City. She observed the defendant driver, Mrs. Friedlander, at a full stop, apparently waiting for the traffic to clear. Both drivers agree upon three important factors: (1) Mrs. Friedlander was at a full stop at the curb line of the intersecting street on Mrs. Veiga's left; (2) Mrs. Veiga's automobile was 100 feet from this intersection and was traveling at 25 miles per hour; and (3) Mrs. Freidlander pulled out into the intersection and the front of her automobile struck the side of Mrs. Veiga's car. A majority of this court is sending the case back for a new trial upon the ground that Mrs. Veiga said that after she noticed Mrs. Freidlander's car at the full stop 100 feet ahead she did not see that car again until the impact. The jury was free to find that Mrs. Veiga, having fixed Mrs. Freidlander's car at a standstill within 100 feet of her own car, was not required to keep her attention locked on that car and off the road ahead; or it could have found that Mrs. Veiga, who is an older woman with less than perfect English, was in error in her answer. These are reasonable and plausible hypotheses, because one driving and looking ahead, as Mrs. Veiga asserts she was doing, was bound to have Mrs. Freidlander's car within her peripheral vision. These are jury evaluations not within the province of appellate courts. Under the circumstances, the jury was justified in finding that the accident was wholly caused by Mrs. Friedlander's negligence.